| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

-----------------------------------------------------------------x

RICARDO BROOKS GAMEZ,

        *Plaintiff,*    MEMORANDUM AND ORDER

  - against -    10-CV-5414 (JG)

COURT ROOM PART 41, THE STATE AND
MUNICIPALITY OF NEW YORK, THE NYPD,
D.O.C. AND COMMANDS, THE DIVISION OF
CRIMINAL JUSTICE SERVICES – CHAUNCEY
PARKER, THE FEDERAL AND STATE DRUG
ENFORCEMENT AGENCIES, THE MAYOR,
WARDEN DAVIS, P.O. BRISBAIN, C.O.
SAUNDERSON OF THE MAIN LAW LIBRARY
AT GMDC, POLICE OFFICER #27111, POLICE
OFFICER #6496, ALL DEFENDANTS HELD
ACCOUNTABLE IN THEIR INDIVIDUAL
CAPACITIES, ALL PERSONS KNOWN AND
UNKNOWN WITHIN OR NOT WITHIN
GOVERNMENT CAPACITY – WHITE
SUPREMACIST ET AL.,

        *Defendants.*

-----------------------------------------------------------------x

JOHN GLEESON, United States District Judge:

  Plaintiff Ricardo Brooks Gamez filed this *pro se* action on October 1, 2010 pursuant to 42 U.S.C. § 1983. In an order dated January 5, 2011, I directed Gamez to file an amended complaint to clarify the nature and basis of his claims in accordance with Rule 8 of the Federal Rules of Civil Procedure. On February 22, February 24, March 7, March 15, April 5 and April 12, 2011, Gamez filed successive documents entitled "'Treasonable' Complaints," most adding new allegations to those stated in the original complaint, and many with digital files

attached. I construe those materials together as constituting Gamez's amended complaint,[1] and liberally interpret the allegations made therein. For the reasons discussed below, Gamez's claims against the New York City Department of Corrections, the City of New York, the New York City Police Department (the "NYPD"), the State of New York, the New York State Division of Criminal Justice Services, Chauncey Parker, the Federal and State Drug Enforcement Agencies, the Mayor, Courtroom Part 41, Warden Davis, P.O. Brisbain, Police Officer #6496 and Police Officer #27111 are dismissed. Gamez's § 1983 claims, as identified below, will proceed against Correction Officer Saunderson and any other Rikers Island Correctional Facility ("Rikers") guards involved in the incidents alleged.

## DISCUSSION

Gamez's original complaint alleged that, *inter alia*, he was subjected to beatings while incarcerated at Rikers and the NYPD stole or failed to return some of his property that was seized incident to his arrest. In my January 5, 2011 order, I directed Gamez to submit an amended complaint that named as defendants those individuals who had personal involvement in the actions he alleges and that provided the dates and locations of each relevant event. Gamez was further directed to clarify whether the alleged "beatings" were done by corrections officers, other officials or fellow inmates. Moreover, I informed Gamez that if he seeks to bring a claim of property loss or theft against the NYPD, he should state what, if any, steps he has taken to

---

[1] My consideration of all of Gamez's "'Treasonable' Complaints" submissions is not meant to encourage Gamez to continue filing submissions that build upon his original allegations. Gamez appears to have adopted the practice of submitting a new complaint in this action every few weeks, each of which re-pleads, *inter alia*, allegations of narcotics and "[c]ontraband" possession, use and distribution by Rikers during distinct periods of time of approximately two weeks in length. *See, e.g.*, Compl. filed March 15, 2011 (ECF No. 7), at 2 ("Plaintiff's fourth lawsuit (drug emphasis) . . . is for the time of June12, 2010 [sic] to now June 29th 2010 . . . ."). Plaintiff is ordered to discontinue this practice and desist from filing new, amended complaints unless and until he is ordered to do so by the Court.

recover his property, and should annex any documentation that he has regarding his property claim to his amended complaint.

The Amended Complaint alleges the following cognizable claims: (1) on June 3, 7, and 30, 2010, corrections officers at Rikers failed to protect Gamez from violence at the hands of other inmates and a Rikers employee; and, (2) in violation of 42 U.S.C. § 1983, a warden and various corrections officers at Rikers formed and carried out a conspiracy that involved, *inter alia*, retaliating against Gamez for filing the instant action and other lawsuits naming them as defendants.[2]

A. *Claims Against the New York City Department of Corrections, the NYPD and the City of New York*

Pursuant to the New York City Charter, "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter § 396. The New York City Department of Corrections (the "DOC") and the NYPD, as agencies of the City, are non-suable entities. *See, e.g.*, *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (NYPD not a suable entity); *Maier v. New York City Police Dep't*, No. 08-CV-5104, 2009 WL 2915211, at *2 (E.D.N.Y. Sept. 1, 2009) (NYPD and DOC not suable entities).

---

[2] Although Gamez continues to press his claim that the NYPD failed to return certain property seized from him upon his arrest, he has failed to follow the instruction in my January 5, 2011 order that he plead what steps, if any, he has taken to recover such property. As a result, this claim is now dismissed.

Gamez's Amended Complaint also names the City of New York as a defendant. To impose liability under § 1983 on a municipality for the acts of its employees, a plaintiff must plead and prove (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) denial of a constitutional right. *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995); *see also Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory."). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). The Amended Complaint cannot reasonably be interpreted as alleging facts sufficient to demonstrate that Gamez suffered any damages as a result of any policy or custom of the City of New York. Accordingly, Gamez's claims against the City of New York, the DOC and the NYPD are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

B. *Claims Against the State of New York, the New York State Division of Criminal Justice Services, Courtroom Part 41, and the Federal and State Drug Enforcement Agencies*

The Eleventh Amendment bars suits for monetary relief against states or their agencies in federal court unless sovereign immunity is waived by the state or abrogated by Congress. *See, e.g.*, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). New York has not waived its immunity from § 1983 suits in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39-40 (2d Cir. 1977), and it is well settled that § 1983 did not abrogate the states' Eleventh Amendment immunity, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Benjamin v. Lemons*, No. 10-CV-4067, 2010 WL 3746726, at *3 (E.D.N.Y. Sept. 17, 2010).

4

To the extent that Gamez is seeking to bring suit against the Criminal Court wherein he was tried and/or convicted, that claim also is barred by the Eleventh Amendment. *See Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (New York State Unified Court System is entitled to sovereign immunity as arm of the State).

Although Gamez names the New York State Division of Criminal Justice Services and the Federal and State Drug Enforcement Agencies as defendants, he fails to set forth any factual allegations against these agencies. Even if he had done so, any claim against these agencies would be barred by the Eleventh Amendment. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Accordingly, Gamez's claims against the State of New York, Courtroom Part 41, the New York State Division of Criminal Justice Services, and the Federal and State Drug Enforcement Agencies are dismissed.

C. *Claims Against the Mayor, Warden Davis and Chauncey Parker*

Gamez further names "the Mayor," Warden Davis and Chauncey Parker, the former director of the New York State Division of Criminal Justice Services, as defendants. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quotation marks omitted). Thus, a plaintiff must "allege a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

Personal involvement of a supervisory official in a § 1983 violation may be shown by evidence that: (1) the official participated directly in the alleged constitutional

violation; (2) the official, after learning of the violation through a report or appeal, failed to remedy the wrong; (3) the official created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the official was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the official exhibited deliberate indifference to the rights of the plaintiff by failing to act on information indicating that unconstitutional acts were occurring. *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004). Liability under § 1983 cannot be generally imposed on a supervisor solely by virtue of his position as there is no respondeat superior or vicarious liability under § 1983. *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011); *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999).

Here, Gamez fails to allege any facts supporting a claim that Mayor Michael Bloomberg, Warden Davis, ostensibly a warden at Rikers, or Chauncey Parker had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of Gamez's civil rights. They therefore cannot be held liable under § 1983, and Gamez's claims against them accordingly are dismissed.

D. *Section 1983 Claims Against the Remaining Defendants*

Gamez also brings two claims pursuant to § 1983 against Correction Officer Saunderson of the main law library at George Motchan Detention Center ("GMDC"), the building at Rikers where Gamez was housed, and at least one other unnamed GMDC guard, alleging: (1) that these defendants failed to protect him from and, in some instances, watched as he was subjected to physical beatings while at Rikers by other inmates on June 3 and 30, 2010, and by a Rikers employee named "Orlando M." who works in the GMDC law library on June 7,

6

2010, Compl. filed on Feb. 24, 2011 (ECF No. 4), at 2; and (2) that two or more guards at Rikers retaliated against him for filing lawsuits against Rikers and affiliated individuals by stealing Gamez's pleadings in those lawsuits, revoking Gamez's typewriter and photocopying privileges at the law library at GMDC, Compl. filed Apr. 12, 2011 (ECF No. 10), at 3, forcibly removing Gamez from his cell the evening following their confiscation of his pleadings while yelling at and threatening him, *id.* at 2, planting a knife in Gamez's cell and subsequently failing to give him the requisite "Cell Inspection Form" in connection with the search that revealed it, Compl. filed Mar. 15, 2011 (ECF No. 7), at 2, and subjecting Gamez to an "involuntary lock-in" after other inmates attacked him while declining to impose the same punishment on his assailants, *id.* at 4. Gamez alleges that these actions on the part of Saunderson and other Rikers guards deprived him of his constitutional rights to be free from cruel and unusual conditions of confinement under the Eighth Amendment and to due process of law under the Fourteenth Amendment, respectively. Because I find preliminarily that Gamez has alleged sufficient facts to state these two claims, I will allow him to pursue them – and only them – going forward.

E. *Gamez's Remaining Claims*

Gamez's Amended Complaint contains a litany of other allegations that fail to state cognizable claims. These claims essentially amount to attempts by Gamez to: (1) impute the NYPD, including Police Officer #27111 and Police Officer #6496, with harassing and assaulting him, and with enlisting private actors to harass and assault him; (2) malign his probation officers, including Probation Officer Brisbain, and challenge the constraints imposed on him while on probation; (3) "charge" the Rikers defendants with drug possession, use and distribution; and (4) draw attention to a greater, white supremacist conspiracy that infects not

7

only the NYPD but also several if not all branches and agencies of the New York state and federal governments. Gamez may not use this Court as a forum for voicing his displeasure with the circumstances of his probation, nor may he, a private claimant, charge Rikers or its officers with criminal offenses. I find that each of the foregoing claims lacks a factual basis, is frivolous, or both, and therefore dismiss these claims pursuant to 28 U.S.C. § 1915(e)(2) and dismiss Probation Officer Brisbain, Police Officer #27111 and Police Officer #6496 from the case.

## CONCLUSION

Gamez's claims against the New York City Department of Corrections, the City of New York, the NYPD, the State of New York, the New York State Division of Criminal Justice Services, Chauncey Parker, the Federal and State Drug Enforcement Agencies, the Mayor, Courtroom Part 41, Warden Davis, P.O. Brisbain, Police Officer #27111 and Police Officer #6496 are dismissed, as are all of Gamez's claims against the remaining defendants except for his § 1983 claims alleging violations of his rights under the Eighth and Fourteenth Amendments. 28 U.S.C. § 1915(e)(2)(B). In accordance with *Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997) (per curiam), the Court hereby requests that the Corporation Counsel of the City of New York ascertain the full names of Correction Officer Saunderson and any other Rikers guards who were involved in the incidents alleged by Gamez. Corporation Counsel also is directed to provide the addresses at which these individuals can be served, but the government need not undertake to defend or indemnify these individuals at this juncture. Corporation Counsel shall produce the information specified above within 45 days of the date of this Order. Once the aforementioned individuals have been identified, Gamez's complaint shall be deemed

amended to reflect the full names of these individuals as defendants, a summons shall issue and the Court shall direct service on all of the defendants.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
May 4, 2011