| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

RICARDO BROOKS GAMEZ,

                            Plaintiff,

- versus –

CORRECTION OFFICER BERTTEEN
ALEXANDER AND CORRECTION
OFFICER LAVAL SAUNDERSON,

                            Defendants.

ORDER
10-CV-5414 (JG)

JOHN GLEESON, United States District Judge:

By order dated July 23, 2012, I adopted the Report and Recommendation of Judge Lois Bloom and dismissed Ricardo Gamez's case pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure. On March 1, 2013, Gamez filed "a motion to resurrect this case." The court liberally construes the submission as a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons stated below, the motion for reconsideration is denied.

## BACKGROUND

*A.*     *Gamez's Litigation History*

Gamez has filed approximately 40 actions in this court, all of which have been dismissed as frivolous and/or for failure to state a claim. On January 12, 2012, the court barred Gamez from filing any new civil action without leave of court. *See Gamez v. Court Room 41 et al.*, 10-CV-5414 (JG) (dismissed by order dated July 23, 2012); *see also Gamez v. The White Satan et al.*, 11-CV-6128 (BMC) (dismissed by order dated Dec. 22, 2011, for failure to state a claim and as frivolous; permanent injunction issued on January 12, 2012, enjoining plaintiff from filing any new actions without first obtaining leave of Court).

B.  *The present action*

Gamez filed this *pro se* action on October 1, 2010 and after filing seven amended complaints, the Court *sua sponte* dismissed all of his claims, except for those against the individual defendants named herein. ECF Nos. 4-10, 11. Gamez alleges that defendants, correction officers at Rikers Island, violated his constitutional rights when they confiscated his library card, yelled at him, threatened him, barred his access to a copier machine, typewriter, and the library, and ignored his medical needs after he was attacked by other inmates. Gamez failed to appear at the initial conferences scheduled by Judge Bloom and did not respond to the court's order to show cause, which was issued after his failure to appear. Gamez's action was then dismissed.

Gamez's motion for reconsideration consists of a copy of defendant's answer on which Gamez scribbled rude comments and expletives.

## DISCUSSION

Rule 60 (b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The Second Circuit has held that because Rule 60(b) allows extraordinary judicial relief, it is invoked only if the moving party meets its burden of demonstrating "exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Nemaizer v.*

*Baker*, 793 F.2d 58, 61 (2d Cir. 1986). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . " *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Koehl v. Warden*, No. 00-CV-6499, 2007 WL 680767, at *1 (NGG) (E.D.N.Y. Mar. 2, 2007).

Gamez has not identified any issues of law or fact that require a different outcome in this case. He has failed to provide any arguments which fall into the specific grounds for relief enumerated in Rule 60(b)(1)-(5), and does not present "extraordinary circumstances," justifying relief under the catch-all provision of Rule 60(b)(6).

## CONCLUSION

Accordingly, Gamez's motion for reconsideration under Rule 60(b) is denied as lacking merit. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


So ordered.


John Gleeson, U.S.D.J.

Dated: April 16, 2013
     Brooklyn, New York